**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TARA MIKENAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-cv-00956 (UNA) |
| v. | ) | |
| | ) | |
| FLEUR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, who is located in the District of Columbia, sues a single defendant—an individual identified only as "Fleur," who resides in Chicago, Illinois. The complaint's factual allegations, while largely incomprehensible, accuse defendant of "financial exploitation," stealing cash from plaintiff and giving it to plaintiff's ex-husband, attempting to have plaintiff killed, and sending

1

death threats to plaintiff's children.  Compl. at 1.  Plaintiff demands "damages over one million

dollars[.]"  *Id.*

This Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans*

*v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the

federal courts are without power to entertain claims otherwise within their jurisdiction if they are

'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport*

*Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010

(D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the

plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from

uncertain origins.").  Consequently, a Court is obligated to dismiss a complaint as frivolous "when

the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*,

504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*

*v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).  The instant complaint satisfies this standard.

In addition to failing to state a claim for relief and establish a basis for this Court's jurisdiction,

the complaint is frivolous on its face.

A separate order accompanies this memorandum opinion.


                                                            /s/
                                                            TANYA S. CHUTKAN
DATE: April 12, 2023                                        United States District Judge